IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABIRA MEDICAL LABORATORIES LLC d/b/a GENESIS DIAGNOSTICS | : : : | CIVIL ACTION No. 24-162 |
| v. | : : | |
| ANTHEM INSURANCE COMPANIES INC., et al. | : : | |

**MEMORANDUM**

**Judge Juan R. Sánchez**                                                                                          **September 6, 2024**

Plaintiff Abira Medical Laboratories, LLC, doing business as Genesis Diagnostics ("Genesis"), brings this breach-of-contract suit against Defendants Anthem Insurance Companies, Inc. ("Anthem") and Anthem Health Plans of Kentucky ("Anthem Kentucky") (collectively "the Insurers") for refusing to pay for laboratory testing services. The Insurers move to dismiss the Complaint for lack of personal jurisdiction and failure to state a claim on which relief can be granted under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). Because the Insurers did not purposefully direct their activities towards Pennsylvania, the motion to dismiss will be granted without prejudice for lack of personal jurisdiction.[1]

**BACKGROUND**

Genesis is a New Jersey limited liability company that performs various laboratory testing services. Am. Compl. ¶ 6, ECF No. 16. Its principal place of business is in Langhorne, Pennsylvania. *Id*. Anthem is a health insurer incorporated in Indiana, and Anthem Kentucky is a healthcare provider incorporated in Kentucky. *Id*. ¶¶ 7-8.

---

[1] Because the Court finds no basis for personal jurisdiction over the Insurers, it does not address the motion to dismiss for failure to state a claim under Rule 12(b)(6).

From June 2016 to September 2021, Genesis performed laboratory testing in its Pennsylvania laboratory for patients insured by the Insurers. *Id*. ¶ 12; *see* Compl. ¶ 31, ECF No. 1. The tests were submitted by medical providers. Am. Compl. ¶ 12. After Genesis tested the samples, it submitted claims to the Insurers for payment. *Id*. ¶¶ 23-24. During this period, the Insurers failed to respond to claims and regularly refused to pay or underpaid Genesis. *Id*. ¶¶ 17, 24.

On April 8, 2024, Genesis filed the Amended Complaint against the Insurers for refusing to pay for the testing services. *Id*. ¶ 1. In it, Genesis brings claims for breach of contract (Count I), breach of implied covenant of good faith and fair dealing (Count II), fraudulent and negligent misrepresentation (Count III), and quantum meruit and unjust enrichment (Count VI). *Id*. ¶¶ 6-10. The Insurers now move to dismiss the Amended Complaint.

**STANDARD OF REVIEW**

To survive a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing the Court's jurisdiction over the moving defendants. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). "[W]hen the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Id*. (citations omitted). "Unlike a Rule 12(b)(6) motion, the Court's review of a Rule 12(b)(2) motion is not limited to the face of the pleadings and the Court may rely on sworn affidavits submitted by the parties or other competent evidence that supports jurisdiction." *Lutz v. Rakuten, Inc.*, 376 F. Supp. 3d 455, 463 (E.D. Pa. 2019) (citing *Patterson by Patterson v. FBI*, 893 F.2d 595, 603-04 (3d Cir. 1990)).

Generally, "[a] federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state." *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 436 (3d Cir. 1987) (citing Fed. R. Civ. P. 4(e)). Pennsylvania's long-arm statute authorizes the exercise of jurisdiction "to the fullest extent allowed under the Constitution of the United States and . . . based on the most minimum contact with this Commonwealth allowed under the Constitution." 42 Pa. C.S. § 5322(b); *see also O'Connor v. Sandy Lane Hotel*, 496 F.3d 312, 316 (3d Cir. 2007). The Court thus must "ask whether, under the Due Process Clause, the defendant has certain minimum contacts with . . . [Pennsylvania] such that the maintenance of this suit does not offend traditional notions of fair play and substantial justice." *O'Connor*, 496 F.3d at 316 (citation and internal quotation marks omitted).

**DISCUSSION**

The Insurers move to dismiss Genesis' Amended Complaint in full arguing the Court lacks personal jurisdiction over them because Pennsylvania is "neither [their] place of incorporation nor their principal place of business," and their activity in Pennsylvania is not "sufficient to confer specific personal jurisdiction over them." Defs.' Mot. Dismiss 7-8, ECF No. 22-1 (ECF Pagination). The Court agrees it lacks personal jurisdiction over the Insurers.

There are two types of personal jurisdiction: general and specific. *O'Connor*, 496 F.3d at 317. General jurisdiction exists when a corporation's "affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citation and internal quotation marks omitted). These affiliations include the corporation's place of incorporation and principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). General jurisdiction may also exist

3

in the "exceptional case" where "a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State." *Id*. at 139 n.19. Pennsylvania is not the Insurers' place of incorporation. *See* Am. Compl. ¶¶ 7-8. It is also not the Insurers' principal place of business. *See* Defs' Mot. Dismiss 10 (ECF Pagination). And Genesis does not allege the Insurers' operations in Pennsylvania are "so substantial" as to render it at home in this state.[2] *Daimler*, 571 U.S at 139 n.19. Thus, the Court lacks general jurisdiction over the Insurers.

Genesis instead argues this Court has specific jurisdiction over the Insurers. Pl.s' Resp. Opp'n 7-10. In determining whether specific jurisdiction exists, courts must make a three-part inquiry:

> First, the defendant must have purposefully directed [its] activities at the forum. Second, the litigation must arise out of or relate to at least one of those activities. And third, if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise comport[s] with fair play and substantial justice.

*O'Connor*, 496 F.3d at 317 (citations and internal quotation marks omitted). "The contacts must be the defendant's own choice and not random, isolated, or fortuitous." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021) (citation and internal quotation marks omitted).

The first step of the specific jurisdiction inquiry asks whether the defendant has "purposefully avail[ed] itself of the privilege of conducting activities within the forum." *O'Connor*, 496 F.3d at 317 (citation omitted). Physical entrance is not required, but there must be a "deliberate targeting of the forum." *Id*. "[C]ontacts with a state's citizens that take place outside the state are not purposeful contacts with the state itself." *Id*. (citation omitted). Thus, "unilateral activity of another party or a third person is not an appropriate consideration when determining

---

[2] Genesis does not dispute the lack of general jurisdiction. *See* Pl.s' Resp. Opp'n 7-10, ECF No. 25.

4

whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984) (citation omitted).

Genesis' argument fails at the first step because the Insurers did not purposefully direct their activities towards Pennsylvania. Genesis argues the Insurers' contacts with Pennsylvania can be grouped into three categories: (1) communications with Genesis over more than five years; (2) sending collected samples to Genesis' Pennsylvania laboratory for testing; and (3) the resulting testing and invoices generated by Genesis in Pennsylvania and forwarded to the Insurers. Pl.'s Resp. Opp'n 8.

Starting with the Insurers' communications with Genesis, "informational communications in furtherance of [a contract between a resident and a nonresident] does not establish the purposeful activity necessary for a valid assertion of personal jurisdiction over [the nonresident defendant]." *Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prod. Co.*, 75 F.3d 147, 152 (3d Cir. 1996) (citation omitted). The Amended Complaint describes the Insurers having "failed to respond at all to properly submitted claims" or having refused to pay invoices sent by Genesis. Am. Compl. ¶ 17. This communication is not the type of deliberate targeting required to establish specific jurisdiction. *See id.*; *see also Abira Med. Lab'ys, LLC v. Anthem Blue Cross Blue Shield Mo.*, Civ. No. 23-4940, 2024 WL 1704981, at *4 (E.D. Pa. Apr. 19, 2024).

As to the collection and submission of testing samples to Genesis' laboratory, no factual allegations suggest the Insurers were involved in these activities. Genesis instead alleges the tests were submitted by "medical service providers . . . for numerous patients[.]" Am. Compl. ¶ 12. In its response, Genesis further argues the "agents/representatives" of the Insurers voluntarily decided to send the samples to Genesis. Pl.'s Resp. Opp'n 8. Genesis conclusorily alleges these third parties

5

acted as "agents" of the Insurers, which in turned subjected the Insurers to this Court's jurisdiction. *Id.* at 8-10. The Amended Complaint, however, does not contain factual allegations that would establish an agency relationship between the Insurers and the third-party patients and medical service providers. *See Reichard v. United of Omaha Life Ins. Co.*, 331 F. Supp. 3d 435, 472 (E.D. Pa. 2018) ("In order to establish the existence of an agency relationship, a party must show that: (1) there was a manifestation by the principal that the agent would act for it; (2) the agent accepted such an undertaking; and (3) the principal retained control of the endeavor." (citation omitted)). In other words, third parties sent the samples to Pennsylvania—not the Insurers. Such unilateral third-party activity is "not an appropriate consideration" when determining specific jurisdiction. *Helicopteros*, 466 U.S. at 417. This second group of communications also does not establish specific jurisdiction.

The final group of contacts, consisting of the testing and invoices generated by Genesis, is similarly insufficient to establish specific jurisdiction. This activity is entirely attributable to Genesis. Because Genesis' "unilateral activity . . . is not an appropriate consideration when determining whether a defendant has sufficient contacts," the testing and generated invoices cannot provide a basis for specific jurisdiction. *Id*. Accordingly, the motion to dismiss will be granted without prejudice because there is no basis for this Court to exercise personal jurisdiction over the Insurers.[3]

An appropriate Order follows.

---

[3] Numerous courts in this district have reached the same conclusion in other similar actions brought by Genesis. *See Abira Med. Lab'ys, LLC v. Centene Corp.*, Civ. No. 23-5057, 2024 WL 3792224 (E.D. Pa. Aug. 13, 2024); *Abira Med. Lab'ys, LLC v. Anthem Health Plans of Va., Inc.*, Civ. No. 23-4896, 2024 WL 3015521 (E.D. Pa. June 14, 2024); *Abira Med. Lab'ys, LLC v. Anthem Blue Cross Blue Shield Mo.*, Civ. No. 23-4940, 2024 WL 1704981 (E.D. Pa. Apr. 19, 2024); *Abira Med. Lab'ys LLC v. Molina Healthcare of Fla., Inc.*, Civ. No. 24-506, 2024 WL 1182855 (E.D. Pa. Mar. 19, 2024).

BY THE COURT:


/s/ Juan R. Sánchez
Juan R. Sánchez, J.